IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH W. YATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 09-00212-CG-N |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

This action is before the Court on plaintiff's motion (doc. 22) for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), and the response (doc. 25) filed by the Commissioner of Social Security.  This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of all pertinent materials presented, including the Commissioner's lack of opposition and agreement to pay the amount sought by the plaintiff (doc. 25), the undersigned finds that plaintiff's counsel is entitled to receive as a reasonable attorney fee for 6.00 hours of legal services rendered by plaintiff's attorney in this court the amount of $1,028.54 pursuant to the EAJA.[1]   The undersigned

---

[1] Plaintiff commenced this action under 42 U.S.C. §405(g) seeking judicial review of a final decision of the Commissioner denying his application for disability benefits and Supplemental Security Income. (Doc. 1).  The Commissioner thereafter filed an Answer (doc. 13) and subsequently a brief in support of the decision to deny benefits (doc. 16).  Following a oral arguments, the undersigned entered a recommendation that the decision of the Commissioner denying benefits be reversed and remanded (doc. 19).  This recommendation was adopted as the opinion of the District Court on December 30, 2009 (doc. 20), there having been

therefore recommends that the plaintiff's motion be **GRANTED** and plaintiff awarded fees in the amount of **$1,028.54** pursuant to the EAJA.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

**Done** this 29th day of March, 2010.

/s/ KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

---

no objections filed, and judgment accordingly entered (doc. 21).  The plaintiff thus became the prevailing party for purposes of the EAJA.

RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this 19th day of March, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE